## Mitrick v. State Farm Mutual Automobile Insurance Co.

*Gregory E. Martin,* for plaintiffs.
*Michael M. Badowski,* for defendant.

CHRONISTER, *J.,* December 24, 1991—This matter is before the court on defendant's preliminary objections

to plaintiffs' complaint. Defendant contends that plaintiffs have failed to state a cause of action upon which relief may be granted. Alternatively, defendant contends that plaintiff Janet Faust lacks standing and may not participate in the lawsuit.

Plaintiff Faust is insured by State Farm. She was injured in an accident and submitted her physician's bills to State Farm under her first party coverage. State Farm paid the bills for approximately three months. State Farm then elected to challenge the necessity of further treatment by Dr. Mitrick, and arranged for a peer review pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law as amended by Act 6 of 1990. The peer review organization determined that further treatment was not medically indicated. Reconsideration was done by the same doctor with no new information submitted, and predictably the same decision was made.

Plaintiffs then filed a lawsuit claiming that: (1) plaintiff's medical treatment was necessary; (2) defendant knew it was necessary; (3) that defendant was aware that this particular peer review organization had a pre-conceived opinion that in a soft tissue injury the necessity for treatment always ends after three months; (4) that State Farm is fraudulently and in bad faith sending all of the soft tissue injury cases to this peer review organization after three months have passed; (5) that State Farm is doing this with knowledge that legitimate claims will thereby be terminated.

Defendant's demurrer is based on the recent amendment to Act 6. Defendant acknowledges that 42 Pa.C.S. §8371 allowed the patient to bring a lawsuit claiming

that the insurance company unreasonably withheld payment of the medical bills. However, defendant contends that the amendment which establishes the PRO review removes that option. If the insurance company has submitted the claim to an independent peer review, and it has been determined thereby that the medical treatment is unnecessary, the insurance company can not as a matter of law be unreasonable in withholding payment. Therefore, defendants argue that their demurrer should be granted.

Alternatively, defendants argue that the insured Janet Faust has no standing to participate in this lawsuit. They contend that the recent amendment establishing a PRO review also provides that where it is determined that further medical treatment is unnecessary, the provider may not collect payment for those services. Therefore, the insured will not have to pay the bill even though it is not paid by the insurance company. Since the PRO review has no financial impact on the insured defendants argue that she should have no standing to participate in the lawsuit.

Plaintiffs respond that the new legislation is not retroactive, and therefore should not apply to Janet Fault's injuries which occurred prior to the legislation being passed. Alternatively, plaintiffs contend that if the court determined that the review was in bad faith the PRO review should not bar recovery under 42 Pa.C.S. §8371. As to standing, plaintiff contends that the insured does have a "substantial interest" in the outcome of the case even though there may not be a direct financial consequence. Therefore, the insured does have standing to participate in the lawsuit.

The court concludes that the legislation is retroactive. The amendment provides as follows:

"This section applies to payments by property and casualty insurers for medical treatment or services rendered on or after April 15, 1990, for the treatment or care of persons covered by automobile insurance *regardless of when the accident or incident resulting in the need for medical care occurred, or when the claim was filed."*

Therefore, it is clear that a PRO review was proper in this case.

It is fundamental that in reviewing defendant's demurrer the court must accept all facts properly pled in plaintiffs' complaint. Therefore, the court must accept as true that plaintiff was in need of further medical treatment, that the insurance company was aware that further treatment was necessary, that the insurance company sent the matter for a PRO review in bad faith, and that the insurance company selected a PRO that because of its preconceived notions would not do a legitimate review. The court has no difficulty concluding that if all those facts are true that the demurrer must be refused. A review under those circumstances would be so tainted as to be no review at all, and could not establish as a matter of law that the insurer had acted reasonably.

The question of whether an insured is entitled to make a claim under 42 Pa.C.S. §8371 after a good faith PRO review is not as clear. It is certainly logical for the insurance company to say that they couldn't have been unreasonable when they relied upon an independent review. On the other hand the court is troubled by the fact that the law permits the insurance

company to select the person to do the "independent" review. There would appear to be legitimate due process constitutional questions about allowing the PRO review to be totally binding on the question of reasonableness. Since the court has concluded that this case may proceed on the bad faith claim, it is not necessary at this point to resolve these constitutional questions.

The court does find that the insured has standing to participate in the lawsuit. It may be true that the insured has no direct financial injury since the doctor is prohibited from collecting the bill from the insured. However, the court has no difficulty in determining that plaintiff does have a "substantial interest" in the outcome, which is all that is necessary for standing. If the determination that further medical treatment is unnecessary is allowed to stand, it will place her physician in a quandary. How can the physician continue to provide that medical treatment in the face of a determination that it is unnecessary? Obviously, the insured has a "substantial interest" in seeing that her medical treatment continues. The interest in continued medical treatment is even more compelling than the interest in seeing that the doctor gets paid as far as the insured is concerned. Finally, the whole question of the insured's continued participation in the lawsuit is a distinction without a difference.' Whether the insured is a party or not will make little difference in how the case proceeds. Therefore, the motion to strike the insured as a party should be denied.

## ORDER

And now, December 24, 1991, the preliminary objections of the defendant are denied.